UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUPREME FUELS TRADING FZE, a
United Arab Emirates company

    Plaintiff,

v.                                                  Case No.:

SOLVOCHEM LOGISTICS LTD., a
Cyprus corporation

    Defendant.
_____/

**COMPLAINT IN PROCEEDINGS SUPPLEMENTARY TO EXECUTION FOR FRAUDULENT TRANSFERS**

Plaintiff, SUPREME FUELS TRADING FZE, a United Arab Emirates company ("Plaintiff"), by and through undersigned counsel, hereby files its Complaint in Proceedings Supplementary to Execution for Fraudulent Transfers against Defendant, SOLVOCHEM LOGISTICS LTD., a Cyprus corporation ("Defendant"), and in support thereof states:

**INTRODUCTION**

1. This Court entered an Amended Final Judgment in favor of the Judgment Creditor against International Oil Trading Company, LLC ("IOTC USA") on May 5, 2011 (the "Final Judgment") [Main Action, ECF No. 168] in the amount of $5,000,000.00, plus accruing post-judgment interest at the statutory rate. *See generally Supreme Fuels Trading FZE v. International Oil Trading Company, LLC et al.*, Case No.: 9:08-81215-ALTONAGA, U.S. District Court for the Southern District of Florida (the "Main Action").

2. In the Main Action, Plaintiff brought federal claims under the RICO Act, Sherman Act, Clayton Act, and various Florida state statutes, alleging that the defendants (Sargeant and IOTC USA, the sham entity through which the duo conducted their business) conspired against

1

Supreme Fuels, bribed Jordanian officials for favorable treatment, and unlawfully interfered with bidding for government contracts. [Main Action, ECF No. 5, ¶¶ 1, 2, 6].

3. In the Main Action, U.S. District Judge Hurley entered the Final Judgment on May 5, 2011, in favor of Plaintiff against IOTC USA in the amount of $5,000,000.00 along with post-judgment interest. [Main Action, ECF No. 168].

4. On October 14, 2022, the Clerk of this Court issued a Writ of Execution [Main Action, ECF No. 257]. The Writ of Execution remains unsatisfied and is valid and outstanding.

5. After the entry of the Final Judgment, and after the Plaintiff, through the undersigned counsel conferred with IOTC USA's counsel, Melissa Coffey, in 2019 about a potential proceeding supplementary to force the turnover of IOTC USA's stock certificates in Solvochem Logistics Ltd. ("Solvochem Logistics"), IOTC USA transferred its 50% equity interest in Solvochem Logistics to Defendant, the owner of the remaining 50% for US$ 3,000,000.00. This transfer took place under a Share Sale and Purchase Agreement dated February 15, 2022 (the "SPA") entered into by and between IOTC USA and Defendant.

6. According to Section 5.1 of the SPA, IOTC USA purportedly received the US$ 3,000,000.00 purchase price on or about August 15, 2022, when the transaction contemplated in the SPA closed. Notably, IOTC USA did not use these funds to partially satisfy the Final Judgment. Moreover, the bank account statements of IOTC USA revealed that IOTC USA did not receive the US$ 3,000,000.00.

7. According to the sworn testimony of IOTC USA's Chief Financial Officer, Kevin Kirkeide in unrelated litigation, IOTC USA had acquired the 50% equity interest in Solvochem Logistics for US$ 14,000,000.00 in or about 2007. Solvochem Logistics owns fuel tanks at a facility in Aqaba, Jordan.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff is a company incorporated and headquartered in Dubai, United Arab Emirates. This Court entered the Final Judgment in the Main Action in favor of Plaintiff in the amount of $5,000,000.00.

9. Defendant is a company incorporated under the laws of Cyprus with registration number HE 69848 with its registered address at Arch Makariou III, Fortuna Court, Block B, 2nd Floor, 3105 Limassol, Cyprus.

10. This Court has ancillary jurisdiction over a proceeding supplementary to execution commenced by a judgment creditor like Plaintiff to void alleged fraudulent transfers of a judgment debtor like IOTC USA. *See Reiseck v. Universal Communications of Miami, Inc.*, 141 F. Supp. 3d 1295, 1304 (S.D. Fla. 2015); *see also Nat'l Mar. Services, Inc. v. Straub*, 776 F.3d 783, 787 (11th Cir. 2015). This Court also has subject matter jurisdiction under Federal Rule of Civil Procedure 69, §56.29(9), Fla. Stat., 28 U.S.C. § 3201(c)(1), as well as this Court's Order entered on April 12, 2024 [Main Action, ECF No. 294].

11. This court has personal jurisdiction over Defendant because it entered into the SPA with IOTC USA, a Florida company and IOTC USA is a judgment debtor whose assets are subject to a federal judgment lien under 28 U.S.C. § 3201(c)(1) and Plaintiff's causes of action for fraudulent transfers in this action arises out of the transaction that Defendant closed under the SPA with IOTC USA. This court also has personal jurisdiction over Defendant because it is operating, present, and/or doing business within this jurisdiction. This court also has personal jurisdiction over Defendant under § 56.29(9), Fla. Stat. which provides that "[t]he court may entertain claims concerning the **judgment debtor's assets** brought under chapter 726 and enter any order or

judgment, including a money judgment **against any initial or subsequent transferee**, in connection therewith, irrespective of whether the transferee has retained the property."

12. Venue is proper under 28 U.S.C. § 1391(b)(3) because the Defendant is subject to the personal jurisdiction of the U.S. District Court for the Southern District of Florida.

## GENERAL ALLEGATIONS

13. Plaintiff readopts and realleges paragraphs 1 through 12 as if fully set forth herein.

14. On or about August 15, 2022, IOTC USA transferred its 50% equity interest in Solvochem Logistics to Defendant under the SPA (the "Solvochem Transfer"). Upon information and belief, as a result of the Solvochem Transfer, Defendant became the 100% shareholder of Solvochem Logistics.

15. At the time of the Solvochem Transfer, IOTC USA was indebted to Plaintiff in the amount of $5,000,000.00 plus post-judgment interest under the Final Judgment.

16. At the time of the Solvochem Transfer, Defendant knew or reasonably should have known that the equity interest in Solvochem Logistics was IOTC USA's only asset and that IOTC USA was otherwise insolvent.

17. At the time of the Solvochem Transfer, IOTC USA was cash flow insolvent because it was unable to pay its debts as they became due as evidenced by the fact that IOTC USA did no pay anything towards the satisfaction of the Final Judgment. Moreover, at the time of the Solvochem Transfer, upon information and belief, IOTC USA was balance sheet insolvent because its liabilities exceeded the value of its assets.

18. Plaintiff has performed all conditions precedent to the bringing of this action, or they have been waived.

19. Plaintiff has retained the undersigned attorney to represent its interests herein and is entitled to recover its attorney's fees pursuant to §56.29(8), Fla. Stat.

20. Under section 726.105(1)(a) of the Florida Statutes, a transfer is fraudulent if it is made with the "actual intent to hinder, delay, or defraud any creditor of the debtor." The statute lists various factors commonly referred to as the "badges of fraud" to be considered in determining whether "actual intent" is present, including:

> (2) In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether:
>
> (a) The transfer or obligation was to an insider.
> (b) The debtor retained possession or control of the property transferred after the transfer.
> (c) The transfer or obligation was disclosed or concealed.
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
> (e) The transfer was of substantially all the debtor's assets.
> (f) The debtor absconded.
> (g) The debtor removed or concealed assets.
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
> (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred.
> (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

21. There are many badges of fraud present here demonstrating "actual intent" for example: (i) at the time of the Solvochem Transfer, Plaintiff was already a judgment creditor of IOTC USA; (ii) the Solvochem Transfer transferred all of the debtor's assets; and (iii) IOTC USA became insolvent as a result of the Solvochem Transfer. These facts support a finding of fraudulent transfer under Section 726.105(1)(a).

22. Under Section 726.205(1)(b) of the Florida Statutes, a transfer is also fraudulent if it is made:

>    Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>    1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>    2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

23. Here, Defendant did not pay IOTC USA reasonable equivalent value considering that IOTC USA purchased the same asset, *i.e.*, the shares in Solvochem Logistics for US$ 14,000,000 moreover upon information and belief the fair market value of 50% equity interest should be no less than US$ 10,000,000.

## COUNT I
### Action to Avoid and Recover Fraudulent Transfer
### Pursuant to §§ 56.29(9) and 725.105(1)(a), Florida Statutes

24. Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth herein.

25. Before and/or after the Solvochem Transfer, Plaintiff held a right to payment against IOTC USA and was a creditor of IOTC USA. IOTC USA made or directed its agents to make the Solvochem Transfer in order to delay, hinder or defraud Plaintiff and/or were made with the actual intent to hinder, delay or defraud Plaintiff because:

- IOTC USA orchestrated and effectuated the Solvochem Transfer to Solvochem Holdings for a mere fraction of the fair market value of its shares in Solvochem Logistics;

- Solvochem Holdings is an "insider" of IOTC USA because it has been its joint venture partner in Solvochem Logistics since 2007 or 2008 owning the remaining 50% equity interest in Solvochem Logistics;

- The Solvochem Transfer was concealed from the Judgment Creditor in order to prevent the Judgment Creditor to levy on IOTC USA's shares in Solvochem Logistics;

- IOTC USA did not receive in its bank account the payment of $3,000,000.00;

- Solvochem Holdings provided no value or less than reasonably equivalent value in exchange for the Solvochem Transfer;

- The Solvochem Transfer effectively transferred all of the assets of IOTC USA; and

- As a result of the Solvochem Transfer, IOTC USA became insolvent.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant: (i) avoiding the Solvochem Transfer; (ii) awarding money damages to recover the fair market value of the property transferred up to the amount due and owing under the Final Judgment including pre and post-judgment interest; (iii) awarding Plaintiff's attorneys fees and costs under §56.29(8), Fla. Stat.; and (iv) awarding any further and other relief that this Court deems just and appropriate.

## COUNT II
### Action to Avoid and Recover Fraudulent Transfer
### Pursuant to §§ 56.29(9) and 725.105(1)(b), Florida Statutes

26. Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth herein.

27. Before and/or after the Solvochem Transfer, Plaintiff held a right to payment against IOTC USA and was a creditor of IOTC USA. IOTC USA made or directed its agents to make the Solvochem Transfer without receiving any value in exchange for the transfer or receiving less than the reasonably equivalent value. At the time of the Solvochem Transfer:

- IOTC USA was engaged in or was about to engage in a business or transaction for which the remaining assets of IOTC USA were unreasonably small in relation to the business or transaction;

- IOTC USA intended to incur or believed or reasonably should have believed that IOTC USA would incur, debts beyond IOTC USA's ability to pay, or;

- IOTC USA was insolvent, or as a result of the Solvochem Transfers, IOTC USA became insolvent.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant: (i) avoiding the Solvochem Transfer; (ii) awarding money

7

damages to recover the fair market value of the property transferred up to the amount due and owing under the Final Judgment including pre and post-judgment interest; (iii) awarding Plaintiff's attorneys fees and costs under §56.29(8), Fla. Stat.; and (iv) awarding any further and other relief that this Court deems just and appropriate.

## COUNT III
### Action to Avoid and Recover Fraudulent Transfer
### Pursuant to §§ 56.29(9) and 725.106(1), Florida Statutes

28. Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth herein.

29. Before and/or after the Solvochem Transfer, Plaintiff held a right to payment against IOTC USA and was a creditor of IOTC USA. IOTC USA made or directed its agents to make the Solvochem Transfer without receiving any value in exchange for the transfer or receiving less than the reasonably equivalent value. At the time of the Solvochem Transfer:

- IOTC USA was insolvent at the time of the Solvochem Transfer or became insolvent as a result of the Solvochem Transfer; and

- IOTC USA did not receive reasonably equivalent value in exchange for the Solvochem Transfer.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant: (i) avoiding the Solvochem Transfer; (ii) entering a money judgment to recover the fair market value of the property transferred up to the amount due and owing under the Final Judgment including pre and post-judgment interest; (iii) awarding Plaintiff's attorneys fees and costs under §56.29(8), Fla. Stat.; and (iv) awarding any further and other relief that this Court deems just and appropriate.

## COUNT IV
### Action to Avoid and Recover Fraudulent Transfer
### Pursuant to §§ 56.29(9) and 725.106(2), Florida Statutes

30. Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth herein.

31. Before the Solvochem Transfer, Plaintiff held a right to payment against IOTC USA and was a creditor of IOTC USA.

32. Defendant is an insider of IOTC USA, as its joint venture partner in Solvochem Logistics.

33. The Solvochem Transfer was made to Defendant for an antecedent debt.

34. IOTC USA was insolvent at the time of the Solvochem Transfer.

35. Defendant, as the joint venture partner of IOTC USA in Solvochem Logistics, knew or had reasonable cause to believe that IOTC USA was insolvent.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant: (i) avoiding the Solvochem Transfer; (ii) awarding money damages to recover the fair market value of the property transferred up to the amount due and owing under the Final Judgment including pre and post-judgment interest; (iii) awarding Plaintiff's attorneys fees and costs under §56.29(8), Fla. Stat.; and (iv) awarding any further and other relief that this Court deems just and appropriate.

Dated: April 26, 2024                                   Respectfully submitted,

                                                    LAW OFFICES OF RODRIGO S. DA SILVA, P.A.
                                                    777 Arthur Godfrey Road, Suite 402
                                                    Miami Beach, FL 33140
                                                    Phone: (305) 615-1434
                                                    Fax: (305) 615-1435
                                                    Primary E-mail: rodrigo@rdasilavalaw.com

                             By:        By: /s/ *Rodrigo S. Da Silva*
                                                      Rodrigo S. Da Silva, Esq.
                                                      Fla. Bar No.: 0088600
                                                     Counsel for the Plaintiff, *Supreme Fuels Trading FZE*